CIACCIO, Judge.
This matter commenced upon the petition of United Federal Savings and Loan Association for executory process against certain property owned by Mr. and Mrs. Cage, alleging an unpaid balance of $47,986.05 on a note secured by an Act of Vendor’s Lien and Mortgage on the property. The court ordered executory process to issue. The sheriff seized and sold the property.
The Cages filed a petition for injunctive relief against United Federal and the Civil Sheriff. The petition alleges that the Civil Sheriff sold the property, but had not “transferred to said purchaser the title to said property.” The petition further alleges that certain requisites to accelerating the note had not taken place, and that fulfillment of such requisites was not alleged or proven. The prayer asks that the Civil Sheriff be restrained from further action, and that the Order of Executory Process be declared void.
The court issued a temporary restraining order and set the matter for a hearing on whether a preliminary injunction should issue. At the hearing United Federal agreed that the requisites for acceleration had not taken place. On the basis of the stipulation the court issued a preliminary injunction and ordered the executory process recalled and voided.
Almost a year later the Cages filed an amended petition against United Federal. The amended petition sought damages and attorney fees in connection with the wrongful seizure under the executory process. The amended petition also sought damages for alleged violations by United Federal of the federal Equal Credit Opportunity Act, and for allegedly charging usurious interest.
The trial court awarded the Cages $2,500 in damages for wrongful seizure and $2,500 for attorney fees. The parties have not complained about this award. The trial court denied all other relief requested by the Cages. The Cages appeal complaining of that denial. We affirm.
Whether during its dealings with the Cages, United Federal engaged in any practice which violated the provisions of the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq., or Regulation B of the Federal Reserve Board, 12 CFR 202.1 et seq., is a question of fact determined by the trier of fact at trial. On appellate review the courts of appeal will not disturb *173 factual findings unless the record reveals that those findings are clearly wrong.
The only violation alleged by the Cages in their amended petition was that United Federal required Mrs. Cage to sign the note or the mortgage or both. The trial court specifically found that United Federal did not require Mrs. Cage to participate in the loan transaction. Our review of the record convinces us that this finding is correct.
On appeal for the first time the Cages argue that United Federal may have committed other violations. In their brief the Cages argue that United Federal committed violations in connection with the application form used, the way the information provided on that form and gained from other sources was processed and used by United Federal, and generally the entire method of operation of United Federal in transacting the loan to the Cages. Assuming, solely for the sake of economy and finality, that these issues are properly before us, we have reviewed the entire record with these alleged violations in mind. We find that United Federal did not violate any provisions of law in its credit dealings with the Cages.
In their amended petition the Cages alleged that United Federal’s interest charge of 15% per annum was usurious. The trial court found that federal law preempted state law on maximum allowable interest charges, and that under federal law 15% was not usurious. This holding is correct.
Again, on appeal for the first time the Cages argue for reasons different than those presented to the trial court that United Federal charged usurious interest. Appellants concede that federal law preempts state law on maximum allowable interest charges, and they do not argue that 15% is usurious. Appellants premise their argument on appeal on the assumption that the 5% late charge assessed by United Federal on all delinquent installment payments should be calculated as interest.
Appellants seek relief under federal usury provisions, arguing that the late charge fits the federal law definition of interest. We do not agree with this approach. While the federal law does preempt maximum interest charges allowable under state law, the federal law does not preempt all state law regulating credit transactions. La.R.S. 9:3505 applies to the type of loan transaction involved here and provides that late charges shall not be considered interest.
Appellants argue that La.R.S. 9:3505 cannot apply because under state law its provisions apply to loans which at the time this loan was made had a maximum interest rate of 12%. Since United Federal charged 15%, appellants contend that these state provisions do not apply to this loan. We do not find this argument persuasive. We hold that the federal law does not preempt those state law sections declaring what shall or shall not be considered interest.
State law provides that on loans of the type made to the Cages charges assessed on delinquent installment payments shall not be considered interest, notwithstanding any other law to the contrary. La.R.S. 9:3505. Because late charges are not to be considered as interest, any calculation of the late charges cannot amount to excessive interest or usury. We find, therefore, even considering appellants’ theory raised for the first time on appeal, that United Federal did not charge the Cages usurious interest.
For the reasons assigned the judgment of the district court is affirmed. All costs are assessed against Mr. and Mrs. Moses Cage, Jr.
AFFIRMED.
BYRNES, J., concurs.